FREDERICK H. HARRIS, executor, *vs.* MYRA E. STARKEY.

Hampden.    March 22, 1900. — June 21, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Correction by Probate Court of Mistakes in its Decrees.*

A decree of distribution can be revised after the executor has distributed the estate as ordered so as to enable one, who is entitled to share in the estate but who has been by mistake omitted in the decree of distribution and who is not chargeable with laches, to recover his share from those to whom the estate has been distributed.

APPEAL from an order of the Probate Court dismissing a petition by Myra E. Starkey for a revision of the order of distribution of the estate of Daniel P. Kingsley, who died testate in 1886. Hearing before *Knowlton*, J., who reported the case for the consideration of the full court, such decree to be entered as law and justice might require. The facts appear in the opinion.

*J. L. Rice*, for the appellant.

*F. E. Carpenter*, for the appellee.

MORTON, J. The appellant was one of the heirs at law of Daniel P. Kingsley, who died testate, and as such was entitled to one eleventh part of the rest and residue of his estate. Through ignorance and mistake on the part of the executor and the judge of the Probate Court she was not named in the decree of distribution as one of the persons amongst whom the rest and residue was to be divided. She herself had no notice or knowledge of the probate of the will of said Kingsley, nor of the application for an order of distribution, nor of the proceedings thereon, nor of the payments made by the executor under the decree of distribution, nor of the account rendered by him of such payments and its allowance, till long after all these things had been done. This is a petition by her that the order of distribution be modified so that the executor shall be directed to distribute the funds to her and the others named in the order, — one eleventh to each. The petition was dismissed in the Probate Court. An appeal was taken by her, and the case comes before us on a report from the single justice who heard the case, and who directed the decree of distribution to be so modified that payment should be made to the appellant and the ten others named in the decree in equal shares of one eleventh each. But in the decree which he ordered to be entered he directed that the decree should not require the executor to take further action, nor impose upon him any liability, but should take effect only to correct the errors of the former decree and establish the right of the petitioner to a distributive share as against the other distributees to whom payments had been made, and to give to her and to the executor such rights as against such other distributees as might arise from the correction of these errors.

It is manifest that the appellant will be without a remedy unless she can maintain this petition. She cannot attack the

former decree collaterally, and from the nature of the proceedings it will be conclusive and binding upon her so long as it stands unrevoked and unmodified, even though she may have had no actual notice of the proceedings. The executor is protected from liability by it and by the return and allowance after due notice of his account containing the payments made by him pursuant to the decree. And the only way in which the appellant can procure a revision or modification of it is by proceedings instituted in the Probate Court for that purpose. *Loring* v. *Steineman*, 1 Met. 204. *Pierce* v. *Prescott*, 128 Mass. 140. *McKim* v. *Doane*, 137 Mass. 195. *Shores* v. *Hooper*, 153 Mass. 228, 232. *Bonnemort* v. *Gill*, 167 Mass. 338.

It is too well settled to require discussion or consideration that the Probate Court has the power to correct errors or mistakes in its decrees. *Waters* v. *Stickney*, 12 Allen, 1. *Cleveland* v. *Quilty*, 128 Mass. 578. *Gale* v. *Nickerson*, 144 Mass. 415. *Tucker* v. *Fisk*, 154 Mass. 574. And the present case seems to us to be an eminently proper one for the exercise of that power. It is found that the appellant was one of the heirs of the testator. As such she was entitled to a share of the rest and residue. Through no fault or negligence of her own her name was not included amongst the distributees. The other distributees have received the share which belonged to her. Unless the decree is modified and corrected as proposed they will be permitted to retain funds to which, as against this appellant, they are not justly entitled, and to which the only claim that they have is by virtue of a payment made to them by the executor pursuant to a decree founded as between this appellant and them in ignorance and mistake on the part of the executor and the judge of the Probate Court. It needs no argument, we think, to show that under such circumstances the decree should be revised and corrected, so far as can be done without imposing any liability on the executor. The decree ordered to be entered by the single justice avoids that, and establishes the right of the appellant to a distributive share as between her and the other distributees, and gives her and the executor such rights against them as arise from a correction of the errors in the former decree ; thus enabling the executor and her to take steps against them for the recovery of the share to which she is held to be

entitled, without being met by the objection that she has no right to a distributive share under the decree of distribution.

As the report stands we see no ground on which laches can be imputed to the appellant, and we think that a decree as ordered by the single justice should be entered.

*So ordered.*