GERTRUDE S. CLEAVELAND & another *vs.* CHARLES M.
DRAPER, administrator.

Suffolk.   December 4, 1906. — February 26, 1907.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, LORING, & RUGG, JJ.

*Executor and Administrator.   Probate Court.   Practice, Civil,* Decree.

An administrator who in good faith and without negligence makes a distribution
of the estate of his intestate under and in accordance with a decree of the Pro-
bate Court will be protected from liability, although it afterwards appears that
he distributed the estate to the wrong persons and the decree of distribution is
revised accordingly.

On a petition in the Probate Court for a decree of distribution of the estate of an
intestate after the revocation of a former decree of the same court for the dis-
tribution of the same estate which declared that a certain person was the only
person entitled to the balance of the estate, under which the whole balance
of the estate was paid to him, if it appears that the petitioners are entitled to
such balance of the estate and that the person to whom it was paid was not en-
titled to any of it, but that the administrator in good faith and without negli-
gence made the payment under and in accordance with the previous decree of
the Probate Court, afterwards revoked, the new decree of distribution should
affirm the former decree except in correcting the error as to the persons en-
titled to receive the balance of the estate and should not require the adminis-
trator to take further action or impose upon him any liability

PETITION, filed in the Probate Court for the county of Suffolk
on October 30, 1905, by Gertrude S. Cleaveland of San Fran-
cisco in the State of California and Mary A. Vore of Chicago in
the State of Illinois, praying for a decree of distribution of the
estate of Sarah A. Ellis, late of Boston.

In the Probate Court *Grant,* J. made the following decree :

" At a probate court holden at Boston in and for the said
county of Suffolk on the fourth day of April in the year of our
Lord one thousand nine hundred and six :

" On the petition of Gertrude S. Cleaveland of San Francisco
in the State of California, and Mary. A. Vore of Chicago in the
State of Illinois, praying for a decree of distribution of the es-
tate of Sarah A. Ellis, late of said Boston, deceased, all persons
interested having had due notice of said petition according to
the order of said court: now, after hearing the parties, it ap-
pears to the court that Charles M. Draper was appointed public

administrator of the estate of said Sarah A. Ellis, June 6, 1901; that on February 27, 1904, a decree of distribution was entered by said court, after notice as ordered by the court, ordering the said public administrator to pay over the balance of seventeen hundred fifty-nine and 75/100 dollars in his hands to Frank H. Skinner, as the only person entitled thereto; that said public administrator paid over said balance to said Frank H. Skinner in pursuance of said order; that on March 1, 1905, said court, after said payment by said public administrator, revoked said order of distribution for the purpose of correcting a mistake of fact. It further appears that at the time of the death of said Sarah A. Ellis there were three grandchildren surviving her, being the petitioners and Joseph French Ellis, children of a deceased son, George W. Ellis, the said George W. Ellis having died prior to the death of said Sarah A. Ellis. It further appears that the said Joseph French Ellis died on April 1, 1902, intestate, leaving the petitioners as his only heirs at law. Now it appearing that the decree of February 27, 1904, finding Frank H. Skinner to be the only heir at law, and ordering the administrator to pay the balance of the estate to him, was made under misapprehension of fact, and that said Frank H. Skinner was not the person entitled to said balance; and it further appearing that the said petitioners, Gertrude S. Cleaveland and Mary A. Vore, and the legal representative of the estate of the said Joseph French Ellis are the persons entitled to said balance in equal shares, it is decreed that said decree of February 27, 1904, be reaffirmed except so far as it finds Frank H. Skinner to be the only person entitled to the balance of said estate; and it is further decreed that said Gertrude S. Cleaveland and Mary A. Vore and the legal representative of the estate of Joseph French Ellis are the persons entitled to said balance, one third part to each. But it appearing that all of said balance has been paid to said Frank H. Skinner by the administrator in good faith under the authority and direction of said decree and order of February 27, 1904, this decree shall not require the administrator to take further action, nor impose upon him any liability, but it shall take effect only to correct the error of said former decree and order, and to establish the rights of the petitioners and the estate of said Joseph French Ellis to their distributive

shares of said estate of Sarah A. Ellis, as against the said Frank H. Skinner, to whom payment has been made, and to give to them and to the administrator such rights as against said Frank H. Skinner as arise from the correction of the error of the decree of February 27, 1904."

The petitioners appealed, and the case came on to be heard by *Sheldon,* J., who reserved it upon the pleadings and an agreed statement of facts for determination by the full court.

*A. H. Russell,* for the petitioners.

*C. M. Draper, pro se,* was given leave to file a brief later, but did not do so.

KNOWLTON, C. J. These appellants from a decree of the Probate Court are the heirs at law and next of kin of Sarah A. Ellis, of whose estate the respondent is administrator. Nearly three years after the respondent's appointment, an order of distribution of the personal estate in his hands was duly made by the Probate Court, directing the payment of the entire balance to Frank H. Skinner, a nephew of the deceased, who was adjudged by the court to be her next of kin. These petitioners are her grandchildren. The intestate died on November 20, 1899. The administrator ascertained from Augustus H. Ellis, a nephew of her deceased husband, who was her only connection then known, and whose relations with her were such as should have made him conversant with her affairs, that the intestate's son, George W. Ellis moved to Chicago, Illinois, where it was reported that he was married and had three children, Edwin S., Joseph F. and Gertrude. It also was ascertained that he returned to Massachusetts and died at Canton in 1876. Augustus H. Ellis informed counsel that he was of opinion that the children of George W. Ellis, if any survived him, remained in Chicago and never lived in Massachusetts. In February and March, 1900, counsel caused a notice asking for information in regard to these persons by name, in such form as would be likely to bring a response if it came to their knowledge, to be published six times in the Chicago Daily News, a newspaper supposed to have the largest circulation of any in Chicago. In response to this, one Ida Norris appeared, and proved herself to have been the wife of Edwin S. Ellis, having married since his death. From her it was ascertained

that Edwin S. Ellis had a brother Joseph F. and a sister Gertrude, that Gertrude had married one Frank Cleaveland who was reported to be engaged in the hotel business in Portland, Oregon, and that Joseph F. Ellis, to the best of her information, was then living in Chicago. Thereupon, on April 10, 1900, letters were addressed to Mrs. Frank Cleaveland, Portland, Oregon, and to Joseph F. Ellis, Chicago, Illinois. These letters were returned by the post office department, undelivered. In February, 1902, Ida Norris informed counsel that she had been unable, by examination of directories and by inquiries, to obtain any further information as to the whereabouts of either of these persons, except a rumor that one of them had died. She said that her latest information was that Gertrude had been living fourteen years before, and Joseph F. Ellis twelve years before. No mention was made of the petitioner, Mary A. Vore. The counsel made no further search, but communicated these facts to the administrator. In September, 1903, the administrator published a notice in the Boston Herald, saying that if the heirs of George Ellis, resident of Boston in 1878, would address Box 1843, Boston, they would learn something to their advantage. Having received no reply to this advertisement, nor any further information, he paid over the money to Skinner under the order of distribution, about seven months later.

The petitioners had no knowledge of any of these things until after the money had been paid. Upon their petition, a decree of the Probate Court was entered on March 1, 1905, revoking the order of distribution. The proceedings now before us are upon their subsequent petition for an order of distribution directing the payment of the money to them. On this petition an order was entered reaffirming the former decree, except so far as it finds Frank H. Skinner to be the only person entitled to the balance of said estate, and decreeing that these petitioners and the legal representative of the estate of Joseph F. Ellis are entitled to this balance, each to one third part. The decree also recites that, it appearing that all of said balance has been paid to Frank H. Skinner by the administrator in good faith, under the authority and direction of the decree and order of February 27, 1904, this decree shall not require the administrator to take further action, but it shall take effect only to correct the error

of said former decree, and to establish the rights of the petitioners and the estate of Joseph F. Ellis to their distributive shares in the estate of Sarah A. Ellis, etc.

The decree appealed from follows the law and practice established by the case of *Harris* v. *Starkey*, 176 Mass. 445. The appellants contend that the Probate Court had no jurisdiction to make a decree which should give the estate to Skinner who was not in fact an heir of the intestate, and they cite *Jochumsen* v. *Suffolk Savings Bank*, 3 Allen, 87, and *Scott* v. *McNeal*, 154 U. S. 34, in which it is held that the Probate Court has no jurisdiction to appoint an administrator of the estate of a person who is in fact alive. A decree making such an appointment is absolutely void. In the present case the court had jurisdiction of the settlement of the estate of Sarah A. Ellis, and it had jurisdiction of the property to which the order of distribution relates. It was the duty of the court, after the payment of the debts and the lapse of such time as would enable it to act advisedly, to determine who was entitled to the balance of the estate and to order a distribution of it. A petition for an order of distribution is in the nature of a proceeding *in rem*, and the court unquestionably has jurisdiction in such cases. *Shores* v. *Hooper*, 153 Mass. 228, 232. *Loring* v. *Steineman*, 1 Met. 204. *Pierce* v. *Prescott*, 128 Mass. 140. If a mistake of law or fact is made in a decree of distribution the consequences are not different from those following mistakes in other judgments or decrees. A decree of distribution is a protection to an administrator who acts in good faith under it.

In the present case there is no question of the regularity of the proceedings leading up to the decree. All required notices were given and the estate was settled regularly. The revocation of the decree did not prevent the court in making the new decree from protecting the administrator in reference to his payment made in good faith under the authority of the first decree. The only other question raised that is not covered by the case of *Harris* v. *Starkey*, *ubi supra*, and the other authorities cited, is whether the administrator was guilty of negligence in connection with the making of the original order of distribution, such as should deprive him of the right to rely upon it for his protection, and should require the court to make a new decree

as if the former decree, had not been entered.  See *Pierce* v. *Prescott, ubi supra.*  We are of opinion that he was not.  Of his good faith there is no question.  Inquiries and investigations were made for a long time through counsel, and different special notices were given and letters sent in addition to the publications ordered by the court.  We are of opinion that the administrator is entitled to the protection given him by the order, and that the last decree of the Probate Court is correct. If Skinner who received the money should acquire property, he may be compelled to refund.  If he continues financially irresponsible, the petitioners will suffer from a misfortune for which the respondent is not blamable.

*Decree affirmed.*