BLANCHE B. WHITWELL, administratrix, *vs.* SCHUYLER S. BARTLETT & others, trustees.

Suffolk. December 11, 1911. — February 29, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Probate Court,* Decree, Appeal. *Res Judicata. Executor and Administrator. Trust. Evidence,* Presumptions and burden of proof. *Death.*

A decree of the Probate Court which, in granting a petition for the administration of the estate of one who unaccountably had been absent and had not been heard from for more than seven years, recited that on a date seven years after his disappearance "a presumption arose that" he "was dead" and that at the time of his death, "so far as appears from the evidence, he last dwelt" within the jurisdiction of the court, was not such an adjudication either of the fact or of the date of the death as to render inadmissible evidence, which tended to determine whether the alleged decedent died before or after a certain date, and which was offered at the hearing, where that question was material upon a petition filed by the administrator for an order directing distribution under R. L. c. 147, § 20, of the funds of a trust established by a deed.

Upon the filing in the Probate Court of a petition under R. L. c. 147, § 20, for the liquidation of a trust fund and payment of it to the petitioner in distribution, notice was ordered and was given to the trustees of the fund and to all persons interested in the trust and in the distribution. The trustees alone appeared. After a hearing in the Probate Court the petition was granted. The trustees alone appealed. The single justice who heard the case on appeal found a certain fact from which it would follow that the time for distribution of the fund had arrived, but that the petitioner was not entitled to any of it, and reserved the case for determination by the full court. Counsel for one entitled to share in the fund filed a brief and was heard in argument before the full court asking for an order that the fund be distributed to those entitled to it under the finding of the single justice. *Held,* that the decree of the Probate Court should be reversed, and that because the parties entitled to the fund were not properly before the court asking for distribution, the petition should be dismissed unless such parties were allowed by the Probate Court to intervene.

PETITION, filed in the Probate Court for the county of Suffolk on January 20, 1911, under R. L. c. 147, § 20, by the administratrix of the estate of William Scollay Whitwell, third, seeking an order for distribution to the petitioner of a fund held by the respondents as trustees under the deed of trust described in the opinion.

The petitioner was appointed administratrix by a decree of the Probate Court for the county of Middlesex which was dated November 16, 1910, and contained the following recital: "I find that on February 25, 1910, a presumption arose that the said William S. Whitwell Third was dead; that at that time his only heir at law and next of kin was the petitioner; that at the time of his death, so far as appears from the evidence, he last dwelt in Cambridge in this county as alleged in the petition."

Upon the filing of the petition in the Probate Court notice thereof was ordered and was given by mailing and by publication in newspapers in Boston, in New York City, in Waco, Texas, and in San Francisco, California, to "William Scollay Whitwell, Third, and his heirs, actual or apparent, to all persons interested in the distribution of" the fund, and to the trustees under the trust deed.  After a hearing in that court, *Grant,* J., made a decree granting the petition.

On appeal, the case was heard in this court by *Loring,* J.  As stated in the opinion, the main issues of fact were, whether William Scollay Whitwell, third, was dead, and, if so, whether he had died before or after his aunt, Mary Hubbard Whitwell, who died on January 23, 1908.  If he had died before her, his brothers were entitled to the funds in question; if after, the petitioner was entitled to prevail.

There was evidence that in February, 1903, William Scollay Whitwell, third, was a senior in Harvard College.  The previous winter his father had taken him out of college and he had been in Europe because be had over-exerted himself in college athletics and had become unduly nervous and subject to attacks of melancholy and depression.  The next year he resumed his work in college with unusual zeal.  On February 26, 1903, he disappeared from Cambridge.  The next day his room mate received a letter, signed by him and postmarked the afternoon of February 26, 1903, showing great depression and stating his intention to commit suicide from on board the steamship running from Fall River to the city of New York.  He never was seen or heard of again, although diligent advertising, detective bureaus and personal search were resorted to by his relatives.  The single justice, "without resort to presumption," found that he had died on or about, or soon after, February 26, 1903.

The case was reserved for determination by the full court on a report of all the evidence before the single justice, which was "to be considered upon the question of death if, and only if, that question" was "held to be open in these proceedings."

Other facts are stated in the opinion.

*H. James, Jr.,* for the petitioner.

*J. Noble,* for the trustees.

*F. Rackemann,* for Cutler B. Whitwell.

BRALEY, J. The settlor provided by the indenture of trust that upon his decease the principal should be equally divided between his three children, William Scollay Whitwell, junior, Mary Hubbard Whitwell and Elizabeth Tudor. But the shares coming to the daughters were to be retained in trust to pay the income during life, and upon the death of either without having exercised in favor of her husband, if she married, the power of appointment which had been given, the trustees were to transfer her share to her children who attained the age of twenty-one years, or their issue if they died under that age, to be divided equally. In default of children or grandchildren, the trustees were directed to make distribution among the persons who, if she had died intestate, would have inherited the property under our statutes of descent and distribution. When the settlor died the son received his portion, while the trust continued as to the daughters, until the death of Mary, who never married. The trustees then paid one half of her share to Elizabeth; and William having predeceased Mary, leaving three children at his death, they would have inherited equally the remaining half if living at the date of their aunt's decease, January 23, 1908. But while two of them were known to be then living, his son William Scollay Whitwell, third, had disappeared, and the trustees being uncertain as to their duties petitioned the Probate Court for instructions. The decree directed them to distribute two thirds of the remainder to the next of kin thus ascertained, and to hold the residue in trust accumulating the income, and adding it to the principal for the benefit of the absent heir, or those claiming under him. The petitioner, who is his mother and sole heir at law, having been appointed administratrix of his estate on November 16, 1910, under the presumption as recited in the memorandum accompanying the decree, that he was dead on February 25, 1910, brings

the present petition under R. L. c. 147, § 20, which reads as follows: "If, by the provisions of a written instrument, a trust estate is to be distributed in whole or in part, the Probate Court may, upon the petition of a person interested, after such notice as it may direct, order the trustee to convert the said estate, both real and personal, or either, into cash and to distribute it among such persons as, according to such instrument, are entitled thereto." The decision depends upon the question whether William Scollay Whitwell, third, survived his aunt.

By the express provisions of R. L. c. 136, § 3, the probate decree was not conclusive of the fact of death. It only adjudicated, that upon presumptive evidence satisfactory to the court, the alleged intestate was not living at the date of filing the application, and that letters of administration should be granted. *Jochumsen* v. *Suffolk Savings Bank*, 3 Allen, 87. *Day* v. *Floyd*, 130 Mass. 488, 489.

It is unnecessary to decide whether independently of this exception, the decree, under R. L. c. 162, § 2, would be conclusive upon all questions involved in the adjudication, until vacated or revoked by appropriate proceedings instituted in that court. See *Waters* v. *Stickney*, 12 Allen, 1, 15; *Gale* v. *Nickerson*, 144 Mass. 415; *Harris* v. *Starkey*, 176 Mass. 445, 447; *Bennett* v. *Pierce*, 188 Mass. 186, 187; *Connors* v. *Cunard Steamship Co.* 204 Mass. 310. The petitioner's title was not dependent upon the decree, nor was the single justice bound by it so far as it purported to fix the date of death, and upon the inquiry presented, all the testimony admitted by him was competent. *Brigham* v. *Fayerweather*, 140 Mass. 411, 415.

We are asked to reverse his finding, that the intestate died "on or about, or soon after, February 26, 1903." The authority of the full court to reach a different result is unquestioned. But we are satisfied, that the intestate's death was proved beyond conjecture, and if the time was not precisely fixed by any one witness, the probative effect of all the evidence is sufficient to sustain the finding.

To avoid any misconception it should be said, that the finding affirmed is not based on the presumption of Whitwell's death after an unexplained absence of seven years, and there is no occasion to consider the contention of the appellants whether the St.

of 1905, c. 326, providing for the final distribution of trust estates, which depend upon the death of a beneficiary who has disappeared, absconded, or is absent from the Commonwealth, and has not been heard from for more than fourteen years before the filing of the petition, is applicable.

If the petitioner has no inheritable interest affirmative relief cannot be ordered on the appeal in favor of the other beneficiaries, who are not parties of record, even if one of them through counsel filed a brief and was heard at the argument. They might have appeared in the Probate Court in response to the citation, and upon filing a cross petition for distribution which would have been equivalent to a cross bill, if the suit had been brought in this court or in the Superior Court, under R. L. c. 159, § 1, or c. 147, § 15, for termination of the trust, a decree could have been entered in their favor, if the petitioner failed to maintain her claim. Nor is the present case analogous to a bill or petition by a trustee for instructions where all parties interested may appear, interplead and be heard, and have their rights determined. *Heard* v. *Trull,* 175 Mass. 241. *Howe* v. *Howe,* 184 Mass. 34, 38, 39. *Holbrook* v. *Schofield, ante,* 234.

The decree of the Probate Court, that the remainder should be transferred to the petitioner must be reversed, and the petition dismissed, unless the surviving beneficiaries, if they so desire, are permitted by that court to intervene. If they become parties, a decree is to be entered terminating the trust, and directing the trustees, who are not entitled to any security by way of indemnity, to pay to them the fund with all accumulations. *Pierce* v. *Prescott,* 128 Mass. 140, 142, 143. *Cleaveland* v. *Draper,* 194 Mass. 118, 122.

*Decree accordingly.*