LYMAN A. BOWKER & others *vs.* ADELAIDE J. TORREY & another.

Suffolk. January 22, 1913. — October 21, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Limitations, Statute of,* In actions against executor or administrator. *Executor and Administrator. Equity Jurisdiction,* Mistake. *Equity Pleading and Practice,* Parties.

In a suit in equity by a member of a partnership, which had been composed of three persons, against the widow of one of the three partners, personally and as the executrix of his will under which she was the sole legatee and devisee, alleging that upon an accounting, by reason of a mutual mistake of fact made by all the

parties through their common agent, the defendant received much more than her share of the partnership assets, and seeking to recover such excess from her personally, R. L. c. 141, § 9, limiting actions against an executor or administrator, is no defense, because the relief is not sought against the defendant as executrix, although an incidental result of granting it will be to diminish the estate of the defendant's testator. Upon the question, whether such a suit can be maintained without joining the third member of the partnership either as a plaintiff or a defendant, no opinion was expressed.

SHELDON, J. Material amendments have been made in the plaintiffs' bill since our decision reported in 211 Mass. 282. As now presented, the plaintiffs put their claim against Mrs. Torrey upon the ground that through a mutual mistake of all the parties made by their common agent she has received out of the assets of the former firm of Bowker, Torrey and Company a much larger amount than should have come to her as the representative of Charles Torrey, a deceased partner, and that the plaintiffs as the representatives of Edwin Bowker, another deceased partner, and Franklin Torrey the third partner in his own right, have each received a correspondingly smaller amount than they respectively were entitled to have. Disregarding the cash contribution of $100,000 made in equal shares by the holders of the three interests toward the payment of the debts of the firm, the plaintiffs assert that the firm assets consisted of certain personal property and of certain described parcels of real estate, the legal title to which had been put into the names of the three partners as tenants in common, but which were really held by them as firm assets and upon a resulting trust in favor of the firm. A partnership account was taken, from which it appeared that the estate of Charles Torrey was entitled to receive somewhat more than eleven per cent, Franklin Torrey nearly forty per cent, and the estate of Edwin Bowker, represented by the plaintiffs, nearly forty-nine per cent of all the partnership property. It was intended to convey all the firm assets to a new corporation which was formed, and to divide the capital stock of that corporation among the three parties in interest in the proportions stated, which, according to the accounting that had been made, would have brought about a correct division of the firm assets. The bill charges, however, that there were errors and mistakes in this account, and that the share of Charles Torrey's estate should have been found to be less, and the shares of Franklin Torrey and of Edwin Bowker's estate corre-

spondingly greater, than this account showed. But only the personal assets, according to the bill, were conveyed to the corporation; and by another and grosser mistake of the common agent of the parties the real estate was left to be enjoyed by the several partners or their respective representatives according to their legal titles. The result was, as the bill avers, that Mrs. Torrey received one-third of the real estate instead of about eleven per cent thereof, being a very much larger amount than she should have had, while Franklin Torrey, the surviving partner, and the plaintiffs in the right of Edwin Bowker, the other deceased partner, were left with much less than they severally were entitled to receive. This all was done after the decease of Charles Torrey; and Mrs. Torrey, being the executrix of his will and the sole legatee and devisee thereunder, acquired the allotted part of the capital stock of the corporation and one undivided third part of the real estate. The bill seeks to correct the errors, to have Mrs. Torrey ordered to pay to the plaintiffs the amount which she has gained at their expense, and to enforce a trust upon her share of the real estate for such payment.

The only question now before us is whether the statute of limitations of suits against executors and administrators (R. L. c. 141, § 9) constitutes a bar to the suit.

The bill is not brought and relief is not sought against the estate of Charles Torrey, but against Mrs. Torrey individually. The plaintiffs ask for decrees against her, not against the estate of her testator in her hands. That the result of the establishment of their claim may be to diminish the assets of that estate in her hands or the amount coming to her as legatee and devisee of that estate, is not material. *Ames* v. *Jackson,* 115 Mass. 508, 510. The liability was created by her act, however innocently done, in receiving property to which she was not equitably entitled. See the notes to *Brown* v. *Quinton,* 18 Ann. Cas. 292, and to *Western Newspaper Union* v. *Thurmond,* 23 Ann. Cas. 728. Manifestly this action, if it can be maintained at all, could be maintained against her for the relief sought, though another person had been the executor of her husband's will, if the property in question actually had come to her hands. The liability to the plaintiffs set out in the bill did not exist in Charles Torrey's lifetime; it arose only when, by a common mistake, she received property to which

Franklin Torrey and the plaintiffs were equitably entitled. It follows that the plea of the special statute of limitations sets out no defense to this suit; and the order adjudging the plea sufficient and the decree dismissing the bill must both be reversed.*

We add, to avoid any misconception, that we have not considered the question whether any relief can be given to the plaintiffs without joining Franklin Torrey either as a plaintiff or as a defendant, and without bringing all the property in question into hotchpot, instead of seeking to hold merely the undivided interest of Mrs. Torrey in that property. Upon these questions we express no opinion.

*Order and decree reversed.*

*J. Noble,* for the plaintiffs.
*G. W. Anderson,* for the defendants.

---

* The order and decree were made by *Hammond,* J.    The plaintiffs appealed.