CHARLES C. JONES *vs.* CARLOS S. JONES & others.

Norfolk.   March 7, 1916. — April 11, 1916.

Present: LORING, CROSBY, PIERCE, & CARROLL, JJ..

*Probate Court,* Vacation of decree, Jurisdiction.   *Judgment.*

On a petition to vacate a decree of the Probate Court made more than twelve years before the filing of the petition, it appeared that the decree sought to be vacated declared that the petitioner had died more than seven years before that time and ordered the distribution of a fund that had been deposited in a savings bank for his benefit, directing the bank to pay the fund to the petitioner's two sons, who were his only heirs and next of kin, which was done, that the fund was the share to which the petitioner was entitled under the residuary-clause of his mother's will, that when his mother died he was in the Philippine Islands, that he did not learn of her death nor of the petition of his sons for the distribution of the fund until many years thereafter, that before filing his petition to revoke the decree he was unable to come to this Commonwealth and unable to prove his indentity without coming here, and that after learning of the proceedings and the decree he used due diligence in filing his petition. *Held,* that the decree must be vacated and a decree entered establishing the petitioner's right to the fund as against his sons, but imposing no liability upon the savings bank for paying over the fund by order of the Probate Court, the decree of that court, which distributed a fund over which the court had jurisdiction, not having been void *ab initio* but having been in force up to the time of its correction.

CARROLL, J. ·This is a petition, filed on November 5, 1913, to vacate a decree of the Probate Court of June 19,.1901.

The will of John Coffin Jones was proved and allowed in the Probate Court for the county of Norfolk, January 11, 1862. The rest and residue of his estate was given to a trustee, to pay the income to the testator's widow during her life and .on her death to pay to each of his children "when and as they shall arrive at full age his or her share thereof or their heirs respectively."

Mrs. Jones, the widow, died June 5, 1900, and thereupon the petitioner became entitled to one sixth of the fund. He was, at this time, in the Philippine Islands, and did not learn of the death of his mother for many years.                              ·

After the death of the mother, the then trustees, under a decree of the Probate Court, deposited in the Dedham Institution for Savings, in the name of the judge of probate for the benefit of the

petitioner, $12,751.94, his share of the fund, and filed the bank book in that court.

January 18, 1901, Carlos Selby Jones and George Herbert Jones presented a petition to the Probate Court reciting that Charles C. Jones, the petitioner, died intestate before January 1, 1894, the exact date and place of his death being unknown, praying that the sum of $12,751.94 might be paid to them as "sole heirs at law and distributees of your petitioner." June 19, 1901, a decree was entered on that petition which recites, that it appeared Charles C. Jones, had died some time before January 1, 1894, that Carlos Selby and George Herbert Jones were his only children and heirs, and ordering the Dedham Institution for Savings to pay over and transfer to them in equal shares the amount thus held by it with any accumulations thereon.

This petition to vacate the decree of June 19, 1901, was dismissed in the Probate Court. On appeal to this court, the single justice * on the evidence submitted, which included the testimony of the petitioner, Charles C. Jones, found the material facts to be as stated in the petition; he ordered the decree of the Probate Court to be vacated, and reported the case upon the findings and pleadings.

It is well settled that probate courts have the power to correct errors or mistakes in their own decrees, and when a decree is based upon a mistake of fact, as in the decree of the Probate Court in the case at bar, it should be amended. *Waters* v. *Stickney*, 12 Allen, 1. *McCooey* v. *New York, New Haven, & Hartford Railroad*, 182 Mass. 205.

Inasmuch as this petition to vacate the decree was not brought until November 5, 1913, it is contended that the petitioner is guilty of laches, and for that reason there should be no correction of the decree. The single justice, in finding that all the material facts of the petition were true, found that the petitioner did not learn of his mother's death, nor of the petition of his sons, until many years thereafter; that he was unable to come to Massachusetts or to prove his identity without coming to Massachusetts, and that he used all due diligence in bringing this petition after learning of the proceedings and the decree. The single justice

---

* *Braley, J.*

heard the evidence. It is not reported and it is not before us. Obviously we cannot say that his conclusion was wrong. See *Tucker* v. *Fisk*, 154 Mass. 574; *Sunter* v. *Sunter*, 190 Mass. 449; *Dickinson* v. *Todd*, 172 Mass. 183.

The petitioner relies on the case of *Jochumsen* v. *Suffolk Savings Bank*, 3 Allen, 87, where a decree appointing an administrator over the estate of a living person was declared to be void *ab initio;* he argues that the decree, directing the payment of the fund to his sons, was void and of no effect from its inception, and that, therefore, not only should it be vacated, but that the Dedham Institution for Savings, which acted in obedience to it, should be ordered to restore the money to him.

In the Jochumsen case the decree was void because the Probate Court assumed a power not given it by law. It was not merely a mistaken use of its jurisdiction, it was an assumption of jurisdiction where it had none. The Rev. Sts. c. 64, § 4, now R. L. c. 137, § 1, gave authority to appoint administrators upon the estates of deceased persons, and the plaintiff being alive, the decree was entirely void.

In the case at bar there was a fund over which the Probate Court of Norfolk County had jurisdiction. It came under its jurisdiction by the father's will; and under R. L. c. 150, §§ 23–26, after the mother died it had the duty of preserving and distributing it to the rightful owners. Because the judge, through error and mistake, ordered payment of the money to those to whom it did not belong, it cannot be argued that he was without jurisdiction. He had jurisdiction over the fund, but he made an erroneous exercise of it, and in such a case the decree can be corrected, but it is not void from the beginning. See R. L. c. 136, § 3.

If the decree was one which the court had no power to make, or if there was no authority for the action of the court, there would be force in the plaintiff's contention. *Davis* v. *McGraw*, 206 Mass. 294. *O'Herron* v. *Gray*, 168 Mass. 573, 578.

The action of the court in ordering the distribution of the rest and residue of the estate of John Coffin Jones was analogous to a proceeding *in rem*, and the subject matter, that is to say, the fund comprising a part of his estate being within the jurisdiction of the court, the court was given authority over its payment, and it was the duty of the bank to pay according to its decree. *Pierce* v.

*Prescott,* 128 Mass. 140. *Loring* v. *Steineman,* 1 Met. 204. *Whitwell* v. *Bartlett,* 211 Mass. 238. *Chase* v. *Thompson,* 153 Mass. 14.

In *Cleaveland* v. *Draper,* 194 Mass. 118, where a decree ordered the distribution of an estate to the wrong person, it was held that the court had jurisdiction, and, while the decree was amended in part, it was provided therein that no liability should be imposed upon the administrator who acted in good faith under the decree.

Where an heir of a testator, entitled to share in the rest and residue of his estate, through mistake was not named in the decree of distribution, she petitioned to modify the decree so that the executor should be directed to pay her one eleventh of the rest and residue. In this court it was ordered that the decree be modified, so that payment should be made to the petitioner and to ten others in equal shares of one eleventh each; but it was expressly directed in the order for a decree that the executor should not be required to take further action, nor any liability be imposed upon him, that he should correct the error and establish the petitioner's rights to her share as against the other distributees, and give to her and the executor such rights against them as would arise from the correction of this error. *Harris* v. *Starkey,* 176 Mass. 445.

We think the last two cited cases are decisive of the case at bar. While the plaintiff's rights to the fund must be established, the Dedham Institution for Savings, which acted in obedience to a decree of the Probate Court, must be protected from liability for such action. See also *Crocker* v. *Crocker,* 198 Mass. 401, 410; *Tobin* v. *Larkin,* 187 Mass. 279, 282; *Minot* v. *Purrington,* 190 Mass. 336, 340; *Shores* v. *Hooper,* 153 Mass. 228.

The Probate Court of Norfolk County, having jurisdiction over the estate of John Coffin Jones and control of the property which he left in trust, had authority to distribute the same; having this power over the fund, the petitioner was not deprived of his constitutional rights, nor his property taken from him without due process of law, because the court made a wrong decision based on incorrect evidence. See *Adams* v. *Adams,* 211 Mass. 198; *Rothschild* v. *Knight,* 176 Mass. 48; *S. C.* 184 U. S. 334; *Nelson* v. *Blinn,* 197 Mass. 279, where the constitutionality of the absentee statute, R. L. c. 144, St. 1904, c. 206, was passed on, *Blinn* v. *Nelson,* 222 U. S. 1; *Attorney General* v. *Provident Insti-*

*tution for Savings,* 201 Mass. 23; *Provident Institution for Savings* v. *Malone,* 221 U. S. 660.

A decree is to be entered reversing the decrees of the Probate Court of June 19, 1901, and October 21, 1914, and establishing the petitioner's right to the fund drawn from the Dedham Institution for Savings but imposing no liability upon the bank for paying over the fund as directed by the order of the court.

*So ordered.*

*J. E. Gardner, Jr.,* (of Minnesota) for the respondents Carlos S. and George Herbert Jones.

*H. M. Davis,* for the Dedham Institution for Savings.

*W. R. Scharton,* for the petitioner.