CHARLES L. HIBBARD, receiver, *vs.* AETNA CASUALTY AND SURETY COMPANY.

Berkshire.    September 20, 1938. — November 7, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Probate Court,* Jurisdiction, Appeal, Absentee proceedings, Distribution. *Absentee. Surety. Guardian,* Ad litem.

If error in a decree for distribution in absentee proceedings adversely affects the surety on the receiver's bond, it may appeal from the decree.

A decree directing the receiver in absentee proceedings to make distribution to one who had been appointed executor of the absentee's will was within the jurisdiction of the Probate Court and protected the surety on the receiver's bond as to payments made by him thereunder, in the absence of bad faith or want of sound judgment or diligence on his part respecting the distribution, even if there had been error in finding the fact of the absentee's death as the basis for appointing the executor, and though no guardian *ad litem* had been appointed in the matter of the distribution.

In absentee proceedings under G. L. (Ter. Ed.) c. 200, the appointment of a guardian *ad litem* is not a necessary prerequisite to the validity of a decree for distribution under § 12, entered before the passage of the fourteen year period fixed by that section.

PETITION for distribution, filed in the Probate Court for the county of Berkshire on February 2, 1938, by the receiver in absentee proceedings.

Aetna Casualty and Surety Company appealed from a decree entered by order of *Robinson,* J.

*C. S. Lyon,* (*E. P. Brooks* with him,) for the surety.

*C. L. Hibbard,* for the petitioner, submitted a brief.

QUA, J.   This is an appeal by the Aetna Casualty and Surety Company from a decree for distribution, entered February 28, 1938, whereby Charles L. Hibbard, receiver of the property of William L. Adam, an absentee, was ordered to distribute the assets in his hands as such receiver to himself as executor of the will of said Adam. G. L. (Ter. Ed.) c. 200, § 12.

The appellant, which is the surety on Hibbard's bond as receiver, may properly bring the case here, if its rights have been adversely affected by error in the decree. *Murray* v. *Massachusetts Bonding & Ins. Co.* 283 Mass. 15.

The principal contention upon which the appellant relies as showing that its interests have been prejudiced by error entering into the decree, although stated by it in different ways, may, we think, be fairly summarized as follows: that the decree ordering the receiver to distribute the assets of Adam in his hands to himself as executor of Adam's will does not protect the appellant unless Adam was in fact dead when the executor was appointed; that the appointment of an executor of the will of a live person would be a nullity; that the decree allowing the will and appointing the executor is not in itself conclusive of the fact of death, but that death is a jurisdictional fact or condition precedent to a valid appointment of an executor; that the appointment of Hibbard as executor of Adam was therefore open to collateral attack on Hibbard's petition as receiver for distribution to such an extent that at the hearing on that petition the death of Adam became an issue; and that there was error in dealing with the issue in that the findings of the material facts reported by the judge do not support his conclusion that "Adam came to his death by drowning in the Housatonic River on the night of April 9, 1933," and do not justify any conclusion that Adam was dead when Hibbard was appointed his executor. This contention has its origin in various decisions holding that the jurisdiction of the Probate Court to enter upon the administration of an estate is open to collateral attack in other proceedings on the ground that the supposed decedent was in fact alive. *Jochumsen* v. *Suffolk Savings Bank,* 3 Allen, 87. *Whitwell* v. *Bartlett,* 211 Mass. 238. *Gordon* v. *Shea,* 300 Mass. 95, 99. G. L. (Ter. Ed.) c. 192, § 3.

We think it unnecessary to determine whether or not the subsidiary findings justify the judge's conclusion as to Adam's death, as we are of the opinion that the appellant has not shown that it has been harmed even if there was error in the findings underlying the decree of distribution

from which it has appealed. That decree was entered in the receivership proceeding which had been instituted and carried on under the authority of G. L. (Ter. Ed.) c. 200, relative to the settlement of the estates of absentees. The Probate Court had jurisdiction of that proceeding, whether the absentee was alive or dead. The receiver had been appointed by and was under the direction of that court, and the property of the absentee was in its custody. §§ 9, 10, 11. See c. 215, § 6. The decree ordering payment of the assets to Hibbard as executor was entered nearly five years after the disappearance of the absentee and after notice by publication and mailing as ordered by the court, and its terms were in accordance with c. 200, § 12. It was proper for the receiver to settle his account in the court which appointed him and for that court to close his administration of the estate of the absentee by directing the distribution of the balance in his hands. The decree for distribution was therefore an integral part of the proceeding which grew out of the necessity of protecting the property of the absentee and was within the jurisdiction of the Probate Court. See *Nelson* v. *Blinn*, 197 Mass. 279; affirmed, *Blinn* v. *Nelson*, 222 U. S. 1; *Adams* v. *Adams*, 211 Mass. 198; *Cunnius* v. *Reading School District*, 198 U. S. 458, and compare *Scott* v. *McNeal*, 154 U. S. 34. See also *De Normandie* v. *Zwinge*, 255 Mass. 214, 218; *Farquhar* v. *New England Trust Co.* 261 Mass. 209; *Gay* v. *Carlstein*, 262 Mass. 551, 554. If there was error (which we do not imply) in finding the facts upon which rested the recognition in that decree of Hibbard as the lawful executor and therefore the proper distributee, that error did not pertain to the jurisdiction of the court to enter the decree for distribution and did not, after the expiration of the time allowed for appeal, affect the force of that decree or lessen the protection which it affords to Hibbard in his capacity as receiver and to the appellant as his surety. *White* v. *Weatherbee*, 126 Mass. 450. *Jones* v. *Jones*, 223 Mass. 540, 542. See *Lee* v. *Wood*, 279 Mass. 293, 295. It makes no difference that the same person has been appointed both receiver and executor. The decree for distribution directs Hibbard as

receiver to pay over the balance in his hands to himself to hold subject to whatever obligations were or may be imposed upon him as the result of his appointment as executor. If he now makes that payment, and if he has been guilty of no bad faith or lack of sound judgment or diligence in the performance of his fiduciary obligation as receiver in connection with the distribution (and there is no suggestion in the record of any such dereliction on his part), he and the appellant will have all the protection a decree of the court can give them. *Loring* v. *Steineman*, 1 Met. 204. *Pierce* v. *Prescott*, 128 Mass. 140. *Cleaveland* v. *Draper*, 194 Mass. 118. *Jones* v. *Jones*, 223 Mass. 540. *Knowles* v. *Perkins*, 274 Mass. 27. *Welch* v. *Flory*, 294 Mass. 138. The principle of these decisions was recognized in relation to a decree for distribution of the estate of an absentee in the recent case of *McCabe* v. *Rourke, ante*, 180.

The appellant further contends that the decree is erroneous in that before it was entered no guardian *ad litem* was appointed by the court to represent either the absentee, who might possibly be alive although his will had been proved and an executor appointed, or persons unborn or unascertained who might become the heirs and distributees of the absentee and entitled to his property, if he was not already dead, at the expiration of fourteen years "after the date of [his] disappearance or absconding," as provided in G. L. (Ter. Ed.) c. 200, § 13. See also § 12.

We pass over any question as to whether a guardian *ad litem* can properly be appointed to represent the interest of an absentee and assume that the absentee or his heirs or distributees to be ascertained as of the expiration of the fourteen years might still have had rights or potential rights in his property open to consideration in the matter of distribution, if the absentee was not in truth dead when the executor was appointed. Nevertheless we are of the opinion that failure to appoint a guardian *ad litem* in a case like this is not error in the decree of which this appellant can complain. Numerous provisions are scattered through the statutes relative to the appointment of guardians *ad litem* by various courts in different proceedings. Some

of these provisions are mandatory in their terms and some are merely permissive or declaratory of the general power of the court. There is no provision relative to such appointment in G. L. (Ter. Ed.) c. 200, under which these proceedings were had, although the cognate statute relative to absentee beneficiaries contains a permissive provision. G. L. (Ter. Ed.) c. 203, § 31. In G. L. (Ter. Ed.) c. 206, § 24, relating to the settlement of accounts, there is a provision in mandatory form, but in the case at bar the only appeal is from the decree for distribution. The general provision of G. L. (Ter. Ed.) c. 201, § 34, is permissive, not mandatory, in form. In certain cases in the nature of proceedings *in rem* where there was no statutory requirement it has been held that the Probate Court may proceed without an appointment. *Holmes* v. *Beal*, 9 Cush. 223, 226. *Wells* v. *Child*, 12 Allen, 330. *Warren* v. *Pazolt*, 203 Mass. 328, 345, 346. See further *Austin* v. *Charlestown Female Seminary*, 8 Met. 196, 202, 203; *Chase* v. *Chase*, 216 Mass. 394, 397; *Neafsey* v. *Chincholo*, 225 Mass. 12, 14; *Withington* v. *Fidelity & Casualty Co.* 237 Mass. 73. Compare *Pratt* v. *Bates*, 161 Mass. 315, 319; *Jordan* v. *Turnbull*, 242 Mass. 317. It has been said that a proceeding under G. L. (Ter. Ed.) c. 200 is in the nature of a proceeding *in rem*. *Nelson* v. *Blinn*, 197 Mass. 279, 281. See *Shores* v. *Hooper*, 153 Mass. 228; *Cleaveland* v. *Draper*, 194 Mass. 118, 122; *Bonnemort* v. *Gill*, 167 Mass. 338, 340. We think this case is within the authority of the three cases first cited in this paragraph.

*Decree affirmed.*