WILLIAM L. GEORGE, receiver, *vs.* ALBE C. CLARK
& another, trustees.

Suffolk. June 23, 1904. — September 14, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & LORING, JJ.

*Absentee. Receiver,* Of property of absentee. *Evidence,* Presumptions and burden of proof.

On a petition under R. L. c. 144, for the appointment of a receiver of the property of an absentee, whose whereabouts were unknown, it appeared, that if the absentee was alive, he would be entitled to share in certain property under the will of his father, that when his father's will was made he had been absent and unheard from for more than seven years, and that by the terms of the will his right to share in the income of a certain fund depended on his existence when from time to time the income was to be divided. *Held,* that, as no part of the property belonged to the absentee at the time of his disappearance, and as the presumption from his unexplained absence was that he never was alive at any time afterwards, the evidence failed to show that any part of the income ever belonged to the absentee, so that there was no occasion for the appointment of a receiver under the statute.

The unexplained absence of a person unheard from for seven years raises a presumption of his death.

There is no presumption that an absentee unheard from for more than seven years who was unmarried when he disappeared ever had issue.

HAMMOND, J. This is a petition brought under R. L. c. 144, for the appointment of a receiver of the property of George S. Smith, who, on October 23, 1873, being then, as the petition alleges, twenty-eight years of age, left his home in this State

and has never since been heard from although diligent search has been made to find him. It does not appear that he ever was married. The case is before us upon an appeal from a decree of the Probate Court appointing a receiver, reserved for our determination by a single justice of this court.

All of the property named in the petition is the accumulated income of one fourth of the trust estate mentioned in the sixth and seventh items of the will of George W. Smith, who was the father of the absentee; and the appellants, who are the present trustees, contend that it does not appear that the absentee ever had any interest in this income.

When George W. Smith made his will he was uncertain whether his son George, who then had been absent more than seven years, was living, yet he contemplated the possibility that the son might be alive and might return to this State; and the will was framed with a view to that contingency. In the second item a bequest was made to the son conditioned upon his return before the decease of his mother ; and the sixth item provided that after the death of the mother the net income of the trust fund created by the will, so long as any one of the four children including George should live, should be divided semi-annually, or oftener if convenient, "into as many equal shares as shall be equal to the number of all my said children, excepting such as shall have deceased without issue, or deceased leaving issue which has become extinct at the time of making such division "; and so on to the end of the trust. The seventh item provided that upon the death of the last survivor of the children the principal of the trust fund should be divided equally among the grandchildren then living, any issue then living of a deceased grandchild to take the share which the deceased grandchild, if alive, would have had. It was further provided, however, that if, " at the time of the decease of all my said children, excepting my said son George, neither he nor any child of his shall be known to my said trustees to be living," then the residue was to be divided among the then living grandchildren, " excluding my said son George S. Smith, and his children if any."

It will be noted that while the right of George to the bequest in the second item, and to a share in the principal under the seventh item, was conditioned not simply upon his existence,

but also, as to the first bequest, upon his returning and demanding the same before the death of his mother, and as to the second, upon his existence being made known to the trustees, his right to a share in the income under the sixth item depended simply upon his existence when from time to time the income was to be divided. If then alive he was entitled to it, otherwise not.

The father died in January, 1887, his will was duly admitted to probate, and the appellants were appointed executors and trustees. The widow died in April, 1893. Upon her death the executors and trustees were in a quandary as to two matters. The son George had not appeared to claim the bequest made to him in the second item, but they wanted that fact judicially established before carrying the amount to the general trust fund. The chief trouble however respected the distribution of the income under the sixth item. If George was alive, one fourth at least was to go to him, or, if he died leaving issue, then to such issue if then living. But if neither he nor any of his issue were alive, then that part of the income to which he or his issue, if living, would have been entitled was to go to the other beneficiaries. While his unexplained absence for seven years might raise a presumption of his death, and while there was no presumption that he ever had issue, (*Loring* v. *Steineman,* 1 Met. 204, 211,) yet the right of George or his issue to this income depended upon what was the fact as to their existence and not upon the state of the evidence by presumption or otherwise as to this fact. The embarrassment of the trustees arose not from any uncertainty as to the meaning of the language in the will, but from an ignorance as to what the facts were. If these facts could be made known or judicially established as to all parties interested, then the duty of the trustees was clear.

In this state of things the executors and trustees in August, 1895, brought the petition for instructions which ended in the decree of November 20, 1896. By reference to the papers in that case it appears that the petitioners sought for instructions as to the two matters above specified. No service other than by publication was made upon George, but a guardian *ad litem* was appointed to represent him and his issue. The questions were, first, whether the sum conditionally bequeathed to George in the

second item of the will should be paid over to the trust fund for the reason that George had not appeared and claimed it before the death of his mother, and, second, whether one fourth of the income should be set apart for George and his issue until some time in the future or whether it should be distributed like the other three fourths among the other beneficiaries.

By the decree it was established that George had not complied with the conditions of the bequest to him in the second item, and the sum was to be added to the general trust. As to the income, one fourth part was to be set apart and deposited in a proper banking institution for George "until he is heard from, or until the death of the last survivor of the other three children, or until made distributable by law."

We do not think that the effect of this decree was to adjudicate as between the parties the question whether George or any of his issue (if any he ever had) were living, or ever would be entitled to this share of the income, but that it was simply to provide provisionally for the safe keeping of this part of the income so that, if any one of them should thereafter be found to be living and entitled to any part of it, his right would be protected. Such being the effect of the decree, in the consideration of the petition before us we are left to the general principles of law upon the question whether it appears that any part of this income ever belonged to George. It is to be noted that the petition asks for a receiver over his property and not over that of his issue.

Under the circumstances, the presumption is that George died before his father, and that he never became entitled to any of this income. That presumption is not controlled or indeed in any way affected by the decree. At the time of his disappearance no part of this property belonged to him ; and the presumption from his unexplained absence is that it never belonged to him at any time afterwards.

Inasmuch as the evidence fails to show that any part of the income ever belonged to him, the statute is not applicable. The property must be held in accordance with the decree of November 20, 1896, so far as respects this petition.

*Petition dismissed.*

*W. L. George,* receiver, *pro se.*
*L. M. Clark,* for the trustees.