CHARLES L. DE NORMANDIE, trustee, *vs.* HENRY J. ZWINGE & others.

Middlesex. January 29, 1926. — March 1, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Absentee. Trust. Death. Evidence,* Presumptions and burden of proof.

A will of a testator who died in 1911 established a trust under which income was to be paid to specified nieces and nephews of the testator until the youngest reached twenty-one years, when the principal was to be distributed among the named beneficiaries and issue of any who had died leaving issue. The time for distribution came in 1918 and one of those who would be entitled to share, if living, had been absent and unaccounted for since 1907; two brothers and a sister of his and a cousin of theirs who was a son of a nephew of the testator also were entitled to share in the distribution. In 1924 the trustee under the will filed a petition under G. L. c. 203, §§ 26–39, and a decree was entered directing that the share of the absentee be paid in equal shares to his brothers and sister as trustees under the statute. One who had succeeded to the interest of the cousin appealed. *Held,* that

(1) The proceedings were *in rem* and binding on all the world and were proper governmental attributes;

(2) In the absence of proof of the death of the absentee, he, at the time of the death of the testator, was presumed to be alive and until 1914 was entitled to share in the income of the fund;

(3) It was proper to order payment of the absentee's share to those persons as trustees under the statute who, under the provisions of the trust, would have been entitled thereto had the absentee died intestate within the Commonwealth on a day fourteen years after the date of his disappearance, that is, in 1921; and such persons were his brothers and sister, and not his cousin.

PETITION, filed in the Probate Court for the county of Middlesex on July 22, 1924, under G. L. c. 203, §§ 26–39, by the trustee under the will of Eliza T. McGinness, late of Medford, seeking leave to dispose, under that statute, of the interest in the trust of Henry J. Zwinge, absentee beneficiary.

As stated in the opinion, at the coming of age of Arthur L. Zwinge, the beneficiaries of the trust under the will of Eliza T. McGinness were the absentee, if living, Eva Zwinge Giblin, Arthur L. Zwinge, Albert Basil Zwinge and Conrad J. Zwinge. Conrad J. Zwinge thereafter died intestate, leaving as his sole next of kin his father, Joseph W. Zwinge, who later died testate, Wendell P. Murray being the executor of his will. A guardian *ad litem* of Henry J. Zwinge was appointed and assented to the petition, as also did Eva Zwinge Giblin. The petition was taken *pro confesso* as to all other respondents except Wendell P. Murray, executor of the will of Joseph W. Zwinge, deceased, who opposed it.

The petition was heard by *Leggat*, J. Material facts are stated in the opinion. By order of the judge, the decree described in the opinion was entered. Wendell P. Murray, executor, appealed.

*F. G. Goodale*, for the petitioners, stated the case.

*A. Mehlinger*, for the respondent Murray, executor.

*G. A. Furness*, for the respondent Giblin & others.

PIERCE, J. This is an appeal from a decision of the Probate Court for the county of Middlesex, upon a petition filed under G. L. c. 203, §§ 26–39 inclusive, praying under § 27 that the petitioner be ordered to transfer a trust fund "to those persons as trustees who would be entitled thereto if" one Henry J. Zwinge, an absentee beneficiary, "had died

intestate within the Commonwealth on the day fourteen years after the date of his disappearance, in the proportions to which each would be entitled." The issue before this court is, whether the appellant is entitled to share in the distribution of one fifth of the principal of a trust fund, with accumulations, theretofore set apart as the share of the absentee (Henry J. Zwinge) pending the establishment of his rights thereto, or the rights of his estate if he died after the principal of the trust vested, or the rights of the then surviving beneficiaries of their estates if he died prior thereto.

The absentee disappeared in January, 1907. Such disappearance has been continuous for more than fourteen years last preceding the filing of the petition; and he has not been heard from or known of within such fourteen years. No question is raised as to a compliance with all the requirements of the statute regarding notice and other steps designed for the protection of the possible rights of the absentee. Nor is it disputed that the facts warrant a presumption of his death.

The pertinent facts other than as above stated are as follows: Eliza T. McGinness died about January 1, 1911, leaving a will which was duly proved and allowed in the Probate Court. The will created a trust fund to be held by the petitioner and the income paid over to specified nieces and nephews of the testatrix, including the absentee, until the youngest attained the age of twenty-one years, when the trust should terminate and the fund be paid over equally to the named beneficiaries then living, the issue of any deceased beneficiary to take by right of representation. The youngest beneficiary, Arthur L. Zwinge, attained the age of twenty-one years on November 9, 1918. The beneficiaries then entitled to receive the trust fund were the absentee, if living, his sister Eva Zwinge Giblin, and his brothers, Arthur L. Zwinge and Albert Basil Zwinge, children of a deceased nephew of the testatrix, and Conrad J. Zwinge, child of another nephew of the testatrix, under whom the appellant claims. On the coming of age of Arthur L. Zwinge, the petitioner set aside one fifth of the fund as the absentee's share, and has continued to hold it as trustee. The remaining four fifths of the fund he distributed under the terms of

the will to the other nieces and nephews of the testatrix, including Conrad J. Zwinge.

The judge of probate, having before him no evidence beyond that of the mere fact of the absentee's disappearance in 1907, assumed his death to have occurred on the day fourteen years after his disappearance, and ordered distribution of the remaining fund in equal shares to the absentee's sister and two brothers, as being property left by the absentee upon his death intestate, they giving bonds as required by G. L. c. 203, § 33.   This result excluded the appellant, who was not next of kin of the absentee, but whose rights, if any, rest upon the failure of the fund to vest in the absentee at all. It is conceded by the appellant that the statute is constitutional, *Adams* v. *Adams*, 211 Mass. 198, and it is not disputed that the three distributees named in the decree are the rightful distributees to the exclusion of the appellant, if the absentee was alive on said November 9, 1918.   It is the contention of the appellant that, if the absentee on November 9, 1918, was actually or presumptively dead, the fund held under the terms of the trust and in accordance with the statute should be distributed in four equal shares as the shares of the four surviving beneficiaries, and should go to the three distributees named in the decree, as three of these four, and to the appellant as the representative of the fourth; and that the fund set apart would thus not be the absentee's share, properly so called, but would be the property of the four then surviving beneficiaries.

St. 1905, c. 326, §§ 1, 6, (now G. L. c. 203, §§ 26, 27, 32,) defines the meaning of the word "absentee" as used in these statutes and sets forth the essential facts to be alleged in a petition for transfer of trust estates of absentees; and in § 6 of St. 1905, c. 326, and § 32 of G. L. c. 203, in the words which follow, provides that the court shall find the facts and order transfer or sale of the trust estate to new trustees.   "The court shall find the date of the disappearance or absconding of the absentee, and any other material facts. If the court finds that such disappearance has been continuous for more than fourteen years next preceding the filing of the petition, that upon the evidence presented the ab-

sentee has not been heard from or known of within such fourteen years, and that the facts found warrant a presumption of death, the court shall order the trust estate transferred to the persons or trustees to whom, and at the time or times and in shares and proportions in which, it would, under the provisions of the trust of said property as set forth in the will, be distributed if said absentee had died within the Commonwealth on the day fourteen years after the date of the disappearance or absconding, as found and recorded by the court." These statutes nowhere provide that the court shall find as a basis of its jurisdiction that the absentee is in fact dead, and, so finding, administer the estate under general laws applicable to the estates of deceased persons. *Jochumsen* v. *Suffolk Savings Bank*, 3 Allen, 87. *Scott* v. *McNeal*, 154 U. S. 34. *Blinn* v. *Nelson*, 222 U. S. 1.

The court under G. L. c. 203, is not concerned with the question whether an absentee be living or dead in fact. If it shall find that the absentee has not been heard from or known of within fourteen years preceding the filing of the petition, and the facts found warrant a presumption of death, the court shall order the trust estate of which the absentee is a beneficiary transferred to new trustees in the proportions in which the fund would be distributed had the absentee died intestate on the day fourteen years after the date of his disappearance. The proceedings are *in rem* and are binding on all the world. G. L. c. 203, § 30. They are distinct from the power conferred upon courts of probate to administer the estates of deceased persons and "in all times and under all conditions" have been deemed proper governmental attributes. *Cunnius* v. *Reading School District*, 198 U. S. 458, 469.

The appellant rests his contention upon the common law presumption of death from the unexplained absence of Henry J. Zwinge for more than seven years preceding the termination of the trust on November 9, 1918, and argues therefrom that the interest of Zwinge in the trust fund had become the property of the other beneficiaries who, under the terms of the will, were entitled to receive distribution of the trust estate on November 9, 1918. In support of this

contention, that the presumption of death of the common law transferred the absentee's interest in the fund to the other beneficiaries at the expiration of the seven year period, the appellant cites and relies upon *George* v. *Clark*, 186 Mass. 426. This was a petition under R. L. c. 144, § 5, (now as revised G. L. c. 200, § 5) for the appointment of a receiver of the property of an absentee. This court dismissed the petition because on the facts it appeared that the absentee had been absent and unheard of for more than seven years when his father made the will by the terms of which his right to share in the income of a certain fund depended on his existence when from time to time the income was to be divided. The decision goes upon the ground that the absentee is presumed to have died before his father, and, therefore, that neither at the time of his disappearance nor at any time afterward did the absentee have any property under the will of his father.

In the case at bar, when the will was probated and the trustee appointed there was a presumption that the absentee was alive and, as a living person, was entitled to share in the income of the trust fund. The entire absence of any property right in the absentee in *George* v. *Clark, supra,* clearly distinguishes that case from the case at bar, where the absentee presumably was alive at least during a period between 1907 and 1914, and, in common with other beneficiaries, had the right to share in the net income after 1911 until the trust terminated in 1918, unless in fact he had died before the last named date.

We are of opinion the statute was rightly construed by the court and that the decree should be affirmed.

*Ordered accordingly.*