(No. 20771.—

William H. Tegtmeyer *et al.* Defendants in Error, *vs.* Daisy Tegtmeyer, Plaintiff in Error.

*Opinion filed April 23, 1932—Rehearing denied June 8, 1932.*

RATHJE, WESEMANN, HINCKLEY & BARNARD, and SIMS, STRANSKY, BREWER & POUST, (FRANKLIN J. STRANSKY, and BERNARD BARNARD, of counsel,) for plaintiff in error.

G. L. WIRE, LORD, LLOYD & BISSELL, MOHLAND & KUHLEMEIER, and JOHN HARRINGTON, guardian *ad litem,* (A. C. WETTERSTORM, and L. DUNCAN LLOYD, of counsel,) for defendants in error.

Mr. COMMISSIONER PARTLOW reported this opinion:

Defendants in error, William H. Tegtmeyer and other heirs-at-law of Henry Tegtmeyer, deceased, who were beneficiaries under a written trust agreement, filed a bill in the circuit court of Cook county to compel plaintiff in error, Daisy Tegtmeyer, who was the widow and sole heir-at-law of the trustee, Edward Tegtmeyer, deceased, to account for a trust fund and the profits thereof which she had received. The cause was referred to a master to take the evidence and report his conclusions. He recommended a decree as prayed, exceptions to his report were overruled, a decree was entered as recommended, the Appellate Court affirmed the decree, and the case comes to this court upon a writ of *certiorari.*

The evidence shows that Henry Tegtmeyer, of Burlington, Iowa, died intestate on October 12, 1912, leaving an estate of about $13,000. His wife, Louise Tegtmeyer, had died intestate on March 19, 1907. They had six children, including Frank, who had been in the habit of disappearing from his farm near Burlington for short periods but his father had always found him and brought him home. In

1895 or 1896 Frank disappeared and has never been heard from since that time. He was then about thirty years old and unmarried. Another son, Edward, was appointed administrator of the estate of his mother, and later of the estate of his father. In the administration of these two estates Frank was not named as an heir. When Edward, as administrator of the estate of Henry, was ready to make a final settlement, a trust agreement was executed by the five children of Henry and Louise Tegtmeyer, which agreement is the subject of this litigation. It was dated October 20, 1913, and was between Edward Tegtmeyer, party of the first part, and the other four children as parties of the second part. It recited that Edward had been appointed administrator of the estates of Louise and Henry; that the parties were the heirs of Louise and Henry; that there was an older son, Frank, who had disappeared and who was supposed to be dead; that Edward, as administrator of the estate of Louise, had distributed that estate on a stipulation that in case Frank should ever appear and claim his share the other heirs would contribute proportionately to settle his claim, and that the parties were desirous of obtaining a settlement of the estate of Henry. It was agreed that Edward was to make final settlement of the estate of his father and distribute the assets among the heirs on the assumption that Frank was dead and that he left no heirs except his brothers and sisters; that the administrator was to retain $5000 as a trust fund, to be kept on deposit in the name of Edward, as trustee, for ten years, in a reliable bank or trust company, and the interest was to be added to and was to become a part of the fund. At the end of ten years, or sooner if it could be established that Frank was dead and that he left no widow or children, the trust fund was to be distributed in equal parts to the parties to the contract unless Frank appeared and made claim to his share of the estate. If any of the parties to the contract died during the ten years the legal heirs of such deceased per-

son were to take the share belonging to such deceased person. Daisy Tegtmeyer, wife of Edward, was to sign the contract with her husband as a guaranty that the trust fund, with interest, would be kept and distributed as therein provided. The agreement was signed by the five heirs, and it bore the purported signature of Daisy, the authenticity of which is disputed. After the execution of this agreement the estate of Henry was closed and the assets distributed except the $5000 covered by the contract. In August, 1913, before the trust agreement was executed, Edward, without the knowledge or consent of the other heirs, took $5000 from the estate of Henry and invested it, together with $13,000 of his own funds and those of his wife, in vacant real estate in Chicago. Title to the land was taken in the names of Edward and Daisy. Edward died on November 1, 1924, leaving Daisy as his widow and sole heir-at-law.

The original bill was filed on March 11, 1925. It set up the facts substantially as above stated. After the bill was filed, Daisy Tegtmeyer on March 18, 1925, made a contract to sell the real estate in which the trust fund was invested. The Chicago Title and Trust Company refused to issue to the purchasers a title guaranty policy unless $10,000 was deposited with it to protect it against the outcome of this litigation. Daisy deposited the $10,000, and on April 20, 1925, a deed was executed to the purchasers and $46,240.01 was paid as the purchase price. The proceeds of this sale, including the $10,000 deposited with the Chicago Title and Trust Company, were invested by Daisy in stock of the Commonwealth Edison Company, the Middle West Utilities Company and the American Telephone and Telegraph Company. On May 1, 1925, an amended bill was filed. It described the real estate purchased by Edward and Daisy and alleged that it had been purchased in whole or in part with the proceeds of the trust fund in breach of the trust agreement, and that defendants in er-

ror were entitled to a conveyance of these premises or an undivided interest therein. It set up the contract of March 18, 1925, to sell this real estate. On June 18, 1926, an amended and supplemental bill was filed, which alleged that Daisy had appropriated the trust fund, and the proceeds thereof, and had invested them in various properties. The master on May 18, 1929, filed his report, in which he recommended that, pending an accounting, Daisy and the Chicago Title and Trust Company be restrained from disposing of the $10,000 or the securities substituted therefor, and that Daisy be restrained, pending the accounting, from disposing of the stock of the American Telephone and Telegraph Company held by her. On January 10, 1930, the bill was again amended by alleging that Edward and Daisy had admitted that the $5000 trust fund was invested in the real estate and that it was held by them subject to the trust. The decree was entered March 18, 1930, and it directed Daisy to file an account setting out in detail all property in which the $5000 trust fund, or any part thereof, had been invested or intermingled, including all profits from investments. It referred the cause to a master to take evidence and report his conclusions as to the property, funds and securities received by Daisy as the result of the investment of the proceeds of the sale of the real estate, including all profits and the expenses incurred in connection with such property and whether she was entitled to credit or deduction on account of such expenses. It directed that advertisements be placed in certain newspapers in an endeavor to learn the whereabouts of Frank Tegtmeyer, and that in the absence of proof, within thirty days, that Frank is living, distribution of the proceeds of the trust fund be made to the heirs without requiring them to give bond or security.

Plaintiff in error urges as ground for reversal that Frank Tegtmeyer and his widow and children were the primary beneficiaries of the trust fund and any decree adjudicating

their interests without making them parties was erroneous. The continuous absence of a person from his home or place of residence for seven years, during which period nothing is heard from or concerning him, raises the presumption of his death for all legal purposes. (*Eddy* v. *Eddy*, 302 Ill. 446.) A further presumption arises, when the person so disappearing was then unmarried, that he died intestate and without issue. (*Barson* v. *Mulligan*, 191 N. Y. 306, 84 N. E. 75; *George* v. *Clark*, 186 Mass. 426, 71 N. E. 809; *Whitham* v. *Ellsworth*, 259 Ill. 243.) Plaintiff in error contends that these presumptions do not prevail in this case, first, because the fact of the existence of the trust for the benefit of Frank overcomes these presumptions; second, the testimony fails to show diligence to ascertain what had become of him; and third, the record only shows that he has not been heard from for seven years by people with whom he visited. The bill and all its amendments allege that the cause of action arose out of the trust agreement, one of the provisions of which was that at the termination of ten years from the date of its execution, or sooner if it could be proven that Frank died leaving no widow or children, the trust fund, with its accumulations, should be distributed. Under the terms of this agreement, at the end of ten years no allegation was necessary and no proof was required that Frank was dead, leaving no widow or children. There is no plausible theory under which the trustee would be justified in retaining the trust estate at the end of ten years if Frank or his heirs fail to appear. It was not necessary for the decree to adjudicate the interest of Frank or his heirs, and the failure to make them parties was not error.

Plaintiff in error insists that the decree should be reversed because the defendants in error acquiesced in the purchase of the real estate and agreed to accept out of its proceeds of sale their distributive shares of the trust fund, with four per cent interest; that their acquiescence

amounts to a ratification, which estops them from following the trust fund into the investments; that they elected by their original bill to recover the trust fund with four per cent interest, and they cannot, by amendment, recover the proceeds of the investments; that the trust fund was not sufficiently traced into the investments; that the $10,000 deposited with the Chicago Title and Trust Company constituted a restoration of the trust fund, beyond which defendants in error cannot go without showing the insufficiency of such sum, and that the decree should have required the beneficiaries of the trust agreement to give some security to Daisy before she could be required to distribute the fund.

Defendants in error were granted leave by this court to file in this court a certified copy of the brief and argument filed by plaintiff in error in the Appellate Court. It appears from the brief and argument filed by plaintiff in error in the Appellate Court that all of the contentions now raised by her in this court, with the exception of the one already discussed, were not raised in the Appellate Court but are raised for the first time in this court. Questions which were not raised in the Appellate Court will not be considered by this court. (*Byalos* v. *Matheson,* 328 Ill. 269; *Deming* v. *City of Chicago,* 321 id. 341; *Buck* v. *Rosenthal,* 273 id. 184.) Most of the propositions urged for the first time in this court are not covered by the plaintiff in error's assignment of errors in the Appellate Court, and this court has no authority to review them. *Taylor* v. *Pierce,* 174 Ill. 9.

We find no reversible error, and the judgment is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*