**UNITED STATES of America,
Plaintiff,**

**v.**

**Walter STERKOWICZ, a/k/a Walter Stark a/k/a Leonard Sterkowicz, Metropolitan Life Insurance Company, American National Insurance Company, Equitable Life Assurance Society of the United States, Jacob I. Grossman appointed as Guardian ad litem herein for Michael Sterkowicz and Gene Sterkowicz and all other living children of Walter Sterkowicz whose names are unknown, Christine Sterkowicz a/k/a Christine Stark, Leonard Sterkowicz a/k/a Leonard Stark.**

United States District Court
N. D. Illinois, E. D.
March 19, 1967.

L. J. Weiner, Asst. U. S. Atty., Chicago, Ill., for plaintiff.

Burton E. Glazov and Miles G. Seeley, of Mayer, Friedlich, Spiess, Tierney, Brown & Platt, Chicago, Ill., for the defendant, Equitable Life Assurance Society of the U. S.

Wendell J. Brown and James T. Otis, of Spray, Price, Townsend & Cushman, Chicago, Ill., for defendant, American Nat. Ins. Co.

William P. Hurley, New York City, for defendant, Metropolitan Life Ins. Co.

Froelich, Grossman, Teton & Tabin, Chicago, Ill., for defendant, Jacob I. Grossman.

## OPINION

NAPOLI, District Judge.

This is an action brought by the United States pursuant to 26 U.S.C. § 7403(a)[1], to foreclose certain tax liens

---

1. 26 U.S.C. § 7403 provides, "In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary or his delegate, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability. * * * All persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto.

upon life insurance policies issued upon the life of the defendant-taxpayer Walter Sterkowicz by the defendant life insurance companies. The liens arose, pursuant to Section 6321 of the Internal Revenue Code,[2] upon nonpayment of a marijuana transfer tax.

All of the defendant life insurance companies are authorized to, and do business within the judicial district of this court. The defendant taxpayer formerly resided with the judicial district of this court, but he has become a fugitive from justice and has left no forwarding address. The premiums on the policies are being automatically paid by periodical deductions from the cash surrender value of the policies, under an extended term insurance provision in the policies.

Under the policies, defendant-taxpayer Sterkowicz reserved the right to apply for and receive policy loans, to make demand for and receive the cash surrender value of all the policies, and to revoke and change the designated beneficiaries. The designated beneficiary of all policies was taxpayer's first wife, who died in 1958. In the Metropolitan and American policies, there were no alternate beneficiaries. Pursuant to a provision in the Equitable policies, the beneficiaries in default of designation are the children of the assured. Also named as defend-

ants, therefore, are the two adult children of taxpayer, Leonard and Christine, his two minor children, Michael and Gene, and also any unknown children of Walter Sterkowicz. Jacob Grossman is guardian *ad litem,* representing the minor children and unknown children of Walter Sterkowicz.

Taxpayer and the adult children were served by publication pursuant to 28 U.S.C. § 1655[3]. The adult children were also served personally outside this district. Default judgment was entered against these defendants over a year ago. Pursuant to 28 U.S.C. § 1655, judgment against them must be regarded as final in all respects. This court having found that the minor children had no interest in the Metropolitan or American policies, the government's motion for summary judgment of foreclosure has already been granted as to these policies. Before the court today is a motion for summary judgment by the government against Equitable and the minor children. The government asks that ten Equitable policies on the life of Walter Sterkowicz be cancelled, that all rights of his children be foreclosed, and that defendant Equitable be required to surrender to the government the cash surrender value of the policies, which are worth about $5,000, in partial satisfac-

2. 26 U.S.C. § 6321 provides, "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

3. 28 U.S.C. § 1655 provides, "[i]n an action in a district court to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property within the district, where any defendant cannot be served within the State, or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain.

Such order shall be served on the absent defendant personally if practicable, wher-

ever found, and also upon the person or persons in possession or charge of such property, if any. Where personal service is not practicable, the order shall be published as the court may direct, not less than once a week for six consecutive weeks.

If an absent defendant does not appear or plead within the time allowed, the court may proceed as if the absent defendant had been served with process within the State, but any adjudication shall, as regards the absent defendant without appearance, affect only the property which is the subject of the action. * * *

Any defendant not so personally notified may, at any time within one year after final judgment, enter his appearance, and thereupon the court shall set aside the judgment and permit such defendant to plead on payment of such costs as the court deems just."

tion of the taxpayer's deficiency of over $165,000.

The guardian *ad litem* resists the motion for summary judgment, asserting that service by publication was insufficient to give this court jurisdiction *in rem* because there is no *res* in this district over which this court has exclusive dominion and control; that a lien cannot attach to an unmatured insurance policy, and that this court cannot foreclose the interest of an absent defendant served by publication under 28 U.S.C. § 1655, since such a defendant may as of right vacate such a judgment by appearing within a year of judgment and paying costs. The guardian *ad litem* contends that cancellation of the policies would prejudice this right and be an irreparable injury to the children, especially because the defendant has been absent almost seven years. Under Illinois law, where a person disappears from his last known residence and remains absent for seven years without communicating with those with whom he would naturally communicate, and where inquiry is made about such person without avail, a presumption arises that he is dead. Tegtmeyer v. Tegtmeyer, 348 Ill. 434, 181 N.E. 297 (1932); Eddy v. Eddy, 302 Ill. 446, 134 N.E. 801 (1922). If the assured is in fact dead, or presumed dead, of course, the government would not be entitled to the relief it seeks here, since the policies would then have become payable at their face value to the beneficiaries. The guardian *ad litem* contends that a factual issue is present here, namely whether or not Sterkowicz is living, that the government has the burden of proof on this issue, and that summary judgment must therefore be denied.

I

JURISDICTION OF THIS COURT

A taxpayer's right to demand the cash surrender value of a life insurance policy is a sufficient property right, or *res*, to justify publication notice under Section 1655. United States v. Brody, 213 F.Supp. 905 (D.C., 1963); affirmed sub. nom. Equitable Life Assurance Society of the United States v. United States, 331 F.2d 29 (1 Cir., 1964). The defendant insurance company does business in this district. The taxpayer himself could have demanded the cash surrender value in this district. "[T]he court is not so impotent that·it cannot apply to the satisfaction of tax liens property interests of a taxpayer held by corporations within its jurisdiction." United States v. Metropolitan Life Insurance Company, 256 F.2d 17, at 25, (1958, 4th Cir.).

II

SUFFICIENCY OF THESE
PROCEEDINGS

The guardian *ad litem* next raises the question of whether a lien can attach to an unmatured life insurance policy. It is of course a question of federal law whether the bundle of rights possessed by an insured is to be properly characterized as "property and rights to property" within the meaning of section 6321 of the Internal Revenue Code, so that a lien will attach upon demand for and nonpayment of taxes owed by the insured. Equitable Life Assurance Society of the United States v. United States, 331 F.2d 29 (1964, 1st Cir.). It has been authoritatively held that a tax lien will attach to rights of an insured under a life insurance policy, where insured reserves the right to cancel the policy and receive the cash surrender value. United States v. Metropolitan Life Insurance Company, 256 F.2d 17 (1958, 4th Cir.).

But because an insurance contract is a tri-partite arrangement with rights thereunder being possessed by both the insured and the beneficiaries, attachment of the Section 6321 lien has been held insufficient to allow the government by levy alone to assert the insured's right to cancel a policy and to demand the cash surrender value. Consequently the government has always been unsuccessful where it has attempted to collect a statutory penalty from an insur-

ance company which refused to comply with a demand for cancellation of the policy and payment of the cash surrender value, United States v. Massachusetts Mutual Life Insurance Company, 127 F. 2d 880 (1942, 1st Cir.) ; United States v. Sullivan, 333 F.2d 100 (1964, 3rd Cir.) ; or against an insurance company which, without notice of the lien, made a policy loan to the insured after attachment of the lien, United States v. Miroff, 353 F.2d 481 (1964, 7th Cir.). Language in these and other cases cited by the guardian *ad litem*, to the effect that a tax lien will not attach to an unmatured life insurance policy, when read in context, merely means that existence of the lien alone does not put the government in the shoes of the insured, with the power to demand the cash surrender value, on the theory that a life insurance policy is no more than an ordinary chose in action.

However, it is settled law that the government may, by a proper foreclosure proceeding under Section 7403 of the Internal Revenue Code, wherein all parties having an interest in a life insurance contract are named defendants and properly served with process, upon proving the existence and validity of their tax lien, exercise the right of the insured delinquent taxpayer to cancel the policies and receive the cash surrender value in partial satisfaction of a tax deficiency. United States v. Metropolitan Life Insurance Company, 256 F.2d 17 (1958, 4th Cir.) ; Equitable Life Assurance Society of the United States v. United States, 331 F.2d 29 (1964, 1st Cir.) (In the latter case although a policy had matured by the time of decision on appeal, the Court of Appeals affirmed the trial court's action in taking jurisdiction over an unmatured policy.)

This court therefore finds that the government may, by the action it now takes, foreclose its tax lien upon the unmatured life insurance policies covering the life of the delinquent taxpayer, foreclose the rights of the beneficiaries, and exercise the option of the insured to cancel the policies, in exchange for the cash surrender values. A decree of this court directing that the cash surrender value of the policies be paid to the United States will protect the insurance companies from further liability under the policies. United States v. Metropolitan Life Insurance Company, 256 F.2d 17 (1958, 4th Cir.).

## III

## THE MOTION FOR SUMMARY JUDGMENT

 Having decided that these proceedings are sufficient to bring the government the ultimate relief it asks, this court must consider whether summary judgment, based upon the pleadings and affidavits now on file, is proper.

The guardian *ad litem* contends that the government has the burden of proving that the insured is alive today, since it seeks to exercise an option which the insured himself could only exercise if he were alive. On this point the court agrees with the guardian. Obviously, if insured is dead, only the beneficiaries have rights under the policies.

As lienor, the government can assert no greater rights than the insured himself possessed under the policies. The insurance company promised to pay over the cash surrender value only upon surrender of the policies by the insured for cancellation. Although physical surrender of the piece of paper representing the policies is unnecessary in this action, since the insurance company will be protected by judgment of the court as well as by surrender of the policies, United States v. Metropolitan Life Insurance Company, 256 F.2d 17 (1958, 4th Cir.), there is one other condition to a genuine legal "surrender" of the policy: insured must be alive. His executor or administrator clearly cannot exercise the right, since it vanishes upon his death. Nor did insurance companies promise to pay over the cash surrender value unless they were absolutely assured that their liability on the primary obligation, to pay the face amount to the beneficiaries, was being extinguished. Payment to bene-

ficiaries under a life insurance contract is the primary obligation. The duty to pay over the cash value upon surrender of the policy is a duty owed only upon surrender of policy before this primary obligation matures.

Since the government seeks to exercise this option of insured to surrender the policy in exchange for its cash value, the government clearly has the burden of proof on the factual issue of whether the insured is still living. The motion before the court being a motion by the government for summary judgment, this court must determine whether the guardian *ad litem* has raised a genuine issue as to this fact, based upon the pleadings and affidavits on file.

In his response to the motion for summary judgment, the guardian makes the naked allegation that insured *may* be dead or that the seven years necessary to raise the presumption of death *may* have elapsed. In support of these allegations, the guardian submits affidavits of taxpayer's two adult children, named as defendants herein but now in default. The affidavits read in full as follows: "I, Leonard W. Stark, son of Walter Stark, have not seen nor heard from my father since early 1959. At that time I went to Europe with the U. S. Air Force until 1962; upon returning my father was gone and no one knew where he was. This is still true."

"I, Christine Stark, daughter of Walter Stark, have not seen nor heard from him since 1961. In 1960, I left Chicago and moved to California. I have no idea where he is now—and everyone I know has no idea where he is."

In ruling upon a motion for summary judgment, this court will also take judicial notice of the truth of matters stated in duly maintained records kept by the clerk of this court. Records of this court indicate that Walter Sterkowicz appeared before the United States District Court for this district on October 18, 1961, for his arraignment on criminal charges, docket number 61 CR 518.

Under Illinois law, there is a presumption that a person shown to have been alive at a certain time was alive at a subsequent time unless the contrary is shown or circumstances appear from which a different presumption arises. In re Chicago and Northwestern Railroad, 138 F.2d 753 (1943, 7th Cir.), cert. denied Roth v. Carlson, 321 U.S. 789, 64 S.Ct. 788, 88 L.Ed. 1079; Keystone Steel & Wire Company v. Industrial Commission, 289 Ill. 587, 124 N.E. 542 (1919). This court has taken judicial notice that Walter Sterkowicz was alive on October 18, 1961. The affidavits submitted by the guardian do not contradict this fact. Even by themselves, these affidavits are insufficient to raise the presumption of death. The daughter's affidavit, although ambiguously worded (It does not positively state she saw her father in 1961.), does not fix the period of absence at over seven years. Although the son has apparently not heard from his father for over seven years, his military service overseas explains in part why he had no communication with his father from 1959 until 1962.

At best these affidavits would be useful where there was no proof whatsoever whether Sterkowicz was alive or dead in the last seven years. The government having shown by the court records that Sterkowicz appeared before this court on October 18, 1961, these affidavits alone cannot raise the presumption of death. Nor do they in any way deny that Sterkowicz appeared in court in October of 1961.

To sum up, this court finds that Walter Sterkowicz was alive on October 18, 1961; that the guardian has failed to raise a genuine issue as to this fact; that the guardian has made no showing whatsoever of the actual death of Walter Sterkowicz; and that the guardian has failed to raise the presumption of death. The presumption of continuing life under Illinois law is sufficient to meet the government's burden of proof in the issue of whether Sterkowicz is alive today.

This court has already decided that it has jurisdiction over these policies; that the Equitable policies are

property of defendant taxpayer Walter Sterkowicz; that Sterkowicz has tax deficiencies in an amount greater than the cash surrender value of the policies; that all parties having an interest in these policies have been joined as defendants and properly served with process herein; that the United States has a valid and subsisting lien upon the taxpayer's interest in these policies; and that this proceeding is properly brought to foreclose the interests of all defendants in these policies. It further appears that there is no genuine issue as to any material fact. The United States is entitled to summary judgment as a matter of law.

## IV
### FORM OF THE DECREE

 The government asks immediate cancellation of the Equitable policies. However, this action was brought under 28 U.S.C. § 1655. The infant defendants have been served only by publication. That section gives these defendants an absolute right to vacate judgment within one year. If these policies are immediately cancelled, the infants will be irreparably harmed if, for example, they appear within one year with proof that insured is dead. Even if insured is still alive, but no longer insurable due to poor health, these defendants will be irreparably harmed by the cancellation of these policies. This precise situation was foreseen by dicta in Equitable Life Assurance Society of the United States v. United States, 331 F.2d 29 (1964, 1st Cir.).

In order that this decree may protect the insurance company against subsequent action by the beneficiaries, and in order to preserve the rights of the beneficiaries under Section 1655, therefore, the order will grant the motion for summary judgment against the beneficiaries, but will order the policies kept in force through the extended term insurance provisions in the policies, until one year after the date of this judgment. On April 19, 1968, the Equitable Life Assurance Society of the United States will pay over to the United States the cash surrender value of the ten policies enumerated in the complaint and in the order of this court. Such cash surrender value shall be computed as of April 19, 1968, as follows: gross cash surrender value diminished by premium loans made prior to April 19, 1968 and by policy loans made prior to October 17, 1961, (The date Equitable received actual notice of the Government's lien) and by the pro-rated cost of single premium term insurance purchased under the nonforfeiture provisions of the policies from the date of such purchase date until April 19, 1968. Such amount shall be credited to the tax liability of defendant Walter Sterkowicz.

Appropriate orders will enter.